(No. 2027— )

SPENCER ANDERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1937.*

VERNON G. BUTZ, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ and MURRAY F. MILNE, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein, Spencer Anderson, seeks an award under the terms of the Illinois Workmen's Compensation Act for injuries received by him on June 2, 1931 while employed as head baker at the Kankakee State Hospital. He originally filed his application for compensation with the Industrial Commission on June 2, 1932. He later dismissed same, and thereafter, on December 10, 1932, filed his application for an award with the Court of Claims. Respondent contends that such application was not filed within the limitation of one year after the date of the injury, or within one year after the date of the last payment of compensation, and that therefore his action is barred under the terms of the Workmen's Compensation Act, Section 24. Claimant contends that inasmuch as the Compensation Act expressly provides that claims arising under the Act must be filed with the Industrial Commission, claimant has fulfilled his duty, by having actually filed his application with the Industrial Commission as directed by Section 24 of the Act. In making this contention claimant disregards the language contained in the Act to create the Court of Claims, etc., approved June 25, 1917 as amended. In Section 6 (6) thereof, the Court of Claims is given jurisdiction "To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duty relative thereto."

It is apparent from the foregoing that the entire consideration of a claim by a State employee is to be before the Court of Claims and must be filed therein, nothing pertaining thereto being left within the jurisdiction of the Industrial Commission. In reaching its determination as to the merits of such applications the Court of Claims is governed by the

various rules laid down by the Workmen's Compensation Act.

Fortunately for claimant herein, his mistake was discovered in apt time, and his application was filed with the Court of Claims on December 10, 1932. The last payment resulting from claimant's employment by the State was paid to him, according to the record, on the 24th day of December, 1931, being for wages for 13 days' employment and for additional unproductive time when not able to work, being seventeen days in all during June, 1931, for which he was paid. The injury occurred on June 2, 1931 and he worked off and on during the following days until the 13th day of June. He received full pay for the month of July, in the sum of one hundred seventy-four ($174.00) dollars, that being his regular monthly wage. His sworn statement of claim is for temporary total disability of four hundred forty-five and 86/100 ($445.86) dollars, and for medical care and attendance of forty-seven and 50/100 ($47.50) dollars, or a total of four hundred ninety-three and 36/100 ($493.36) dollars. In the reply brief filed by his counsel on September 15, 1937, claimant agrees with a computation made by counsel for respondent that the total amount of recovery due him for temporary total incapacity should be four hundred three and 50/100 ($403.50) dollars, with the further contention therein made by claimant that he should receive an additional award of twenty-eight and 80/100 ($28.80) dollars for the expense incurred in taking evidence in this cause. This latter contention is without merit and there is no basis for same under the terms of the W. C. A.

The proof herein supports the claim for compensation and shows that the accident in question arose out of and in the course of claimant's employment by the State; that both claimant and respondent at the time were operating within the terms of the Workmen's Compensation Act; that claimant sustained an accidental injury on June 2, 1931 when he slipped on the tile floor in the bakery at the Kankakee State Hospital, striking his left shin against the sharp corner of a wooden step causing an abrasion and bruise thereof. The injury was reported to Dr. Francis J. Sullivan, a member of the Kankakee State Hospital staff. He thereafter received treatment from Dr. Sullivan and another attendant, and as the leg began to swell he was confined to his home. About the

middle of August claimant worked for approximately three weeks at Walnut Grove as a chef, but as the wound reopened and the leg again began to swell he was unable to work until April 1, 1932.

Compensation at the rate of fifteen ($15.00) dollars per week for the period between June 13, 1931 and April 1, 1932—thirty-eight and one-half (38½) weeks (omitting the three weeks that claimant worked in August) figures five hundred seventy-seven and 50/100 ($577.50) dollars. From this should be deducted one hundred seventy-four ($174.00) dollars compensation heretofore paid, leaving a balance of four hundred three and 50/100 ($403.50) dollars for temporary total disability as claimed. An award is hereby made in favor of claimant for the latter sum.

This award being subject to the provisions of an Act entitled, "An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof," approved July 3, 1937 (Sess. Laws 1937, p. 83) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.